UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

MICHAEL ANDREW KITCHEN,

    Petitioner,  Case No. 25-cv-10142

v.  Hon. Mark A. Goldsmith

FREDEANE ARTIS,

    Respondent.
_____/

**<u>ORDER TRANSFERRING SUCCESSIVE PETITION FOR WRIT OF HABEAS CORPUS TO THE UNITED STATES COURT OF APPEALS FOR THE SIXTH CIRCUIT AND DENYING PENDING MOTIONS WITHOUT PREJUDICE (Dkts. 3, 4)</u>**

In 1987, Michael Andrew Kitchen was convicted in the Oakland Circuit Court of armed robbery, first-degree criminal sexual conduct, and other offense. He was sentenced to 42–60 years in prison. Kitchen was seventeen years old when he committed the offenses. See <u>Kitchen v. Whitmer</u>, 616 F. Supp. 3d 683, 686 (E.D. Mich. 2022); <u>See</u> Petition at PageID.1 (Dkt. 1). Kitchen previously sought and was denied federal habeas relief with respect to his state convictions. <u>Kitchen v. Bouchard</u>, Case No. 2:00-cv-00183 (W.D. Mich. Aug. 6, 2003); <u>Kitchen v. Bouchard</u>, No. 03-2324 (6th Cir. April 21, 2004).

Kitchen filed this successive petition for a writ of habeas corpus under 28 U.S.C. § 2254, challenging his sentence on four grounds:

    I. The trial court's rejection of Kitchen's youth and characteristics as a mitigating factor during sentencing violated the U.S. Constitution.

    II. The 42–60 year sentence violates the U.S. Constitution's 8th Amendment because its length deprives Petitioner of a meaningful opportunity for release based on demonstrated maturity and rehabilitation.

    III. The sentence is racially biased and therefore unconstitutional and invalid[] sentence.

    IV. Failure to appoint counsel to amend or allow amendment of post-conviction motion to add constitutional issues after rulings by state and federal courts and failure to permit access to court records showing racially disparate sentencing practices of sentencing judge violated U.S. Constitution and requires habeas corpus writ.

Id., PageID.5–10.

The case will be transferred to the Sixth Circuit because Kitchen requires authorization under 28 U.S.C. § 2244(b)(3)(A) from that court to file a successive habeas petition.

## I.    BACKGROUND

The Michigan Court of Appeals affirmed Kitchen's convictions on direct appeal. People v. Kitchen, No. 104485 (Mich. Ct. App. Nov. 16, 1988); Petition at PageID.2. Kitchen did not appeal this decision to the Michigan Supreme Court. Id.

Kitchen subsequently filed a post-conviction motion in the state trial court. The trial court denied relief by order dated June 10, 1997. Id. at PageID.3–4. Kitchen appealed, but both the Michigan Court of Appeals and the Michigan Supreme Court denied relief. People v. Kitchen, No. 212333 (Mich. Ct. App. March 17, 1999); People v. Kitchen, No. 114330 (Mich. Sup. Ct. Sept. 29, 1999).

On September 29, 2000, Kitchen filed his first federal petition for writ of habeas corpus. See Kitchen v. Bouchard, W.D. Mich. Case No. 2:00-cv-00183. The court dismissed the petition with prejudice by opinion dated August 6, 2003. See id., W.D. Mich. Case No. 2:00-cv-00183, 8/6/03 Order dism. pet. (Dkt. 81). The Sixth Circuit denied a certificate of appealability. Kitchen v. Bouchard, No. 03-2324 (6th Cir. April 21, 2004).

In 2018, Kitchen filed a civil action under 42 U.S.C. § 1983 in this Court. Kitchen asserted in part that the Michigan parole-eligibility statute was unconstitutional as applied to him under the Eighth Amendment because he committed the offenses as a juvenile, and his 42-year

minimum sentence meant it was unlikely that he would live long enough to have a meaningful opportunity at release. See Kitchen v. Whitmer, E.D. Mich. Case No. 2:18-cv-11430. The Eighth Amendment claim was principally based on Graham v. Florida, 560 U.S. 48 (2010), and Miller v. Alabama, 567 U.S. 460 (2012), cases decided after Kitchen's first federal habeas action. The Court granted in part Kitchen's motion for summary judgment on his Eighth Amendment claim. Kitchen v. Whitmer, 616 F.Supp.3d 683, 702–03 (E.D. Mich. 2022). The Court ordered Defendants to submit a plan for the court's approval that provided Kitchen with a "meaningful opportunity to obtain release based on demonstrated maturity and rehabilitation." Id. at 703.

Defendants appealed, and the Sixth Circuit reversed. Kitchen v. Whitmer, 106 F.4th 525 (6th Cir. 2024). The court found that the relief Kitchen sought—consideration for release on parole prior to expiration of his 42-year minimum sentence—"is not appropriate for § 1983 and instead must go through habeas." Id. at 544.

Meanwhile, while his § 1983 action was pending, Kitchen filed a second post-conviction motion in the state trial court. The motion appears to have raised the same claims that Kitchen now presents in the present action. Petition at PageID.19. The trial court denied Kitchen's post-conviction motion by opinion dated January 5, 2022. Id. PageID.16–27. Kitchen appealed, but both state appellate courts denied relief. People v. Kitchen, No. 365645, 2024 WL 1597630 (Mich. Ct. App. April 11, 2024); People v. Kitchen, 13 N.W.3d 288 (Mich. 2024) (Table).

## II. LEGAL STANDARD

Under the provisions of the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA), an individual seeking to file a second or successive habeas petition must first ask the appropriate court of appeals for an order authorizing the district court to consider the petition. See 28 U.S.C. § 2244(b)(3)(A); Burton v. Stewart, 549 U.S. 147, 152 (2007).

3

Federal district courts lack jurisdiction to consider successive habeas petitions absent preauthorization from the court of appeals. Franklin v. Jenkins, 839 F.3d 465, 473 (6th Cir. 2016) (citing 28 U.S.C. § 2244(b)(3)); Felker v. Turpin, 518 U.S. 651, 664 (1996). When a habeas petitioner files a second or successive habeas petition in the district court without preauthorization, the district court must transfer the case to the court of appeals. See 28 U.S.C. § 1631; Sims v. Terbush, 111 F.3d 45, 47 (6th Cir. 1997).

Kitchen previously sought federal habeas relief, and his petition was dismissed with prejudice. Kitchen v. Bouchard, W.D. Mich. Case No. 2:00-cv-00187 (Aug. 6, 2003); Kitchen v. Bouchard, No. 03-2324 (6th Cir. April 21, 2004). Kitchen's present habeas petition raises grounds for relief based on Supreme Court precedent—Graham and Miller—that were not available to him when he filed his first petition. Nevertheless, the existence of a new rule of constitutional law that did not exist when a prior habeas petition was filed does not remove a successive petition from § 2244(b)'s control. The petition still counts as a "second or successive" one requiring preauthorization from the Sixth Circuit. See In re Coley, 871 F.3d 455, 457–58 (6th Cir. 2017).

Petitioner has also filed a motion to amend requested relief section (Dkt. 3) and a motion for expedited consideration and to conduct limited discovery (Dkt. 4). A district court loses jurisdiction over a state prisoner's habeas petition when it transfers it to Court of Appeals on the ground that it is a second or successive petition. Jackson v. Sloan, 800 F. 3d 260, 261 (6th Cir. 2015). This Court thus lacks jurisdiction pursuant to 28 U.S.C. §§ 1631 and 2244(b)(3)(A) to consider Petitioner's pending motions. Id. at 261–62. They are denied without prejudice.

Accordingly, the Clerk of Court is ordered to transfer the habeas petition to the United States Court of Appeals for the Sixth Circuit pursuant to Sims and 28 U.S.C. § 1631.

4

**SO ORDERED.**

Dated: August 6, 2025                         s/Mark A. Goldsmith
Detroit, Michigan                          MARK A. GOLDSMITH
                                                 United States District Judge